# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JEROME ZIMMERMAN,**

        **Plaintiff,**

**v.**                                            **Case No. 05-C-0556**

**JUDY SMITH,**
**SANDY HAUTAMAKI, and**
**UNKNOWN, *Mailroom Clerk at Oshkosh Correctional Institution,***

        **Defendants,**

---

## ORDER

Plaintiff Jerome Zimmerman, who is incarcerated at the Oshkosh Correctional Institution, lodged this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, along with a petition to proceed in forma pauperis. As ordered, plaintiff paid an initial partial filing fee. Thus, plaintiff's petition is ready for a determination, and his complaint for screening pursuant to 28 U.S.C. § 1915A. Also addressed herein is plaintiff's letter request for assistance in securing an attorney.

On June 10, 2005, plaintiff paid an initial partial filing fee in the amount of $3.77. See May 4, 2005 Order. The plaintiff's petition to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $250.00 for this action. The $246.23 balance of the filing fee will be collected in the manner set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally frivolous, malicious or that fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983 the plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

The "Statement of Claim" section of the form § 1983 complaint used by plaintiff is blank. (Complaint ¶ IV. A.). However, eight days prior to filing the complaint, plaintiff filed

2

a letter indicating that his concern that he would be placed in segregation when "they" "get the papers on them." (Plaintiff's Letter Filed May 12, 2005 at 1). Plaintiff further states that he found it necessary to mail the letter in an envelope bearing another person's name "because they are checking mail in and out." Id. at 2. I will construe plaintiff's letter as part of his complaint and screen it accordingly.

Plaintiff states that his legal mail is opened outside of his presence. Id. at 1. It has happened on three occasions and each time the sender has been blamed. Id.

It is well established that prisoners have a First Amendment right to be free from certain interference with their "legal" mail. Wolff v. McDonnell, 418 U.S. 539, 577 (1974); see also Turner v. Safley, 482 U.S. 78, 84 (1987). Therefore, prison officials may only inspect, not read, certain types of legal mail in the presence of the inmate. Wolff, 418 U.S. at 577; Bach v. People of State of Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974). For example, correspondence, between an inmate and an attorney is deemed confidential and, therefore, must be opened in the presence of the inmate. Wolff, 418 U.S. at 577. Repeated instances of a prisoner's legal mail being opened by prison officials outside of his presence are actionable. See Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (allegations that legal mail was repeatedly opened and sometimes stolen stated First Amendment claim); Castillo v. Cook County Mail Room, 990 F.2d 304, 307 (7th Cir. 1993) (allegations that two letters addressed to the plaintiff from the United States District Court and one from the Department of Justice which was marked "LEGAL MAIL-OPEN IN PRESENCE OF INMATE," were opened outside the presence of the plaintiff were neither legally nor factually frivolous). Plaintiff arguably states a First Amendment claim and will be permitted to proceed.

3

Notably, plaintiff requests as relief: "Release from prison and supervision and damages." (Complaint ¶ V.). A habeas corpus action under §2254 is the exclusive remedy for a prisoner who challenges his criminal conviction and thus seeks an earlier release from prison. Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff's legal mail claim does not appear to implicate the validity of his conviction and confinement, thus, he need not first bring a habeas corpus claim before seeking damages in a §1983 claim. See Heck v. Humphrey, 512 U.S. 477, 480-81 (1994). Plaintiff will be permitted to seek damages but not release from prison or supervision in this action. If plaintiff believes that his conviction was obtained in violation of the Constitution, he should consider pursuing habeas corpus relief.

Plaintiff has requested assistance with securing an attorney. He indicates that he has contacted four attorneys. (Request Filed May 31, 2005). Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address whether, given the difficulty of the case, the plaintiff appears to be competent to try the case himself and, if not, whether the presence of counsel is likely make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

Accepting that the plaintiff has unsuccessfully attempted to find counsel on his own, at this stage of the proceedings, the presence of counsel is unlikely to make a difference in

4

the outcome of the case. The defendants have not yet been served. Plaintiff's request will be denied without prejudice.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and the plaintiff's letter filed May 12, 2005, the waiver of service form and/or summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $246.23 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

5

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this _____ day of June, 2005.


_____
LYNN ADELMAN
District Judge

6