# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEROME ZIMMERMAN,
    Plaintiff,

    v.                                 Case No. 05-C-0556

OSHKOSH CORRECTIONAL INSTITUTION,
JUDY SMITH, SANDY HAUTAMAKI, and
UNKNOWN, *Mailroom Clerk at Oshkosh Correctional Institution*,
    Defendants.[1]

## DECISION AND ORDER

Plaintiff Jerome Zimmerman filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding in forma pauperis on First Amendment legal mail claims. Currently before me is defendants' motion to dismiss.

### I. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Dismissal of an action under such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997); see Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In

---

[1]Although Oshkosh Correctional Institution (OSCI) was not identified as a defendant in the prior screening order, a closer reading of plaintiff's complaint confirms that OSCI was named as a party.

ruling on such a motion, the facts alleged in the complaint are assumed to be true, and all facts, and all reasonable inferences flowing from those facts, are read in the light most favorable to the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). Because a suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim, the court may consider "facts" alleged in a brief in opposition to a motion to dismiss, as well as factual allegations contained in other court filings of a pro se plaintiff, so long as they are consistent with the allegations of the complaint. Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

Ordinarily, in ruling on a motion to dismiss, the court may not consider matters outside the pleadings. Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969, 971 (7th Cir. 2002). However, the court may take judicial notice of matters of public record in deciding a motion to dismiss without converting it to a motion for summary judgment. Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

In the present case, plaintiff seeks to introduce prison grievances filed under the Inmate Complaint Review System (ICRS). Because these documents are public records, I may take judicial notice of and consider them in deciding the motion to dismiss. Henson, 29 F.3d at 284; see also Almond v. LeSatz, 2006 U.S. Dist. LEXIS 80102 (W.D. Wis. Oct. 29, 2006) ("documentation of plaintiff's use of the [prison] grievance procedure" are public record for purposes of motion to dismiss).

Additionally, this order addresses plaintiff's First Amendment claims as described in my order of June 23, 2005. To the extent plaintiff raises additional claims in his April 10,

2

2006, response, I will not address them at this time.[2] If plaintiff wishes to prosecute his additional claims, he may do so by filing a new civil rights complaint.

## II. COMPLAINT ALLEGATIONS

Plaintiff was incarcerated at OSCI at all times relevant to this action. Plaintiff alleges that OSCI, Judy Smith, Sandy Hautamaki and an OSCI mailroom employee violated his First Amendment rights by opening his legal mail outside his presence. Specifically, plaintiff avers that his legal mail was opened on three occasions. (Compl. at 1).[3] Each time the sender was blamed for the mistake. Id. Plaintiff indicates that OSCI is not following its own rules, that "other inmates have the same problem," and that his legal mail was not opened outside his presence when he was incarcerated at Columbia Correctional Institution (CCI). Id.

On October 11, 2004, plaintiff filed Inmate Complaint OSCI-2004-32265, complaining that his legal mail was opened prior to him receiving it. (Pl.s' Response to D.'s Mot. to Dismiss at 2). In reviewing the complaint, Timothy Pierce (who is not a named defendant) found that "it is clear that the mail was opened outside the presence of the complainant." Id. However, Pierce also stated that the mail should have been returned to the sender because it was addressed to the wrong post office box number. Id. Thus, Pierce recommended that plaintiff's complaint be dismissed. Id. On October 19, 2004, defendant

---

[2]For example, plaintiff has submitted complaints concerning his requests for medical care. (Pl.'s Response at 6). However, plaintiff was not permitted to proceed on this claim. (See Order of May 25, 2005).

[3]I note that, in addition to plaintiff's complaint and response to defendants' motion to dismiss, plaintiff has filed letters indicating that: (1) on October 31, 2005, his legal mail was opened outside of his presence (Pl.s' Letter of Nov. 22, 2005, at 2); and (2) a piece of legal mail from his attorney was delayed by six weeks (Pl.s' Letter of June 28, 2006).

3

Smith also recommended that the complaint be dismissed. Id. at 7. Then, on December 29, 2004, defendant Hautamaki dismissed plaintiff's appeal of Smith's recommendation as untimely. Id. at 8.

On March 28, 2005, plaintiff filed Inmate Complaint OSCI-2005-9975, complaining that his legal mail was opened before he received it. Id. at 11. Timothy Pierce reviewed the complaint and found that plaintiff's legal mail had been opened. Id. However, Pierce concluded that OSCI did not open plaintiff's legal mail before he received it because the officer who opened the mail (which was marked "Open in the presence of the inmate") stated that it had already been opened and taped shut. Id. Therefore, Pierce recommended that the complaint be dismissed. Id. On March 28, 2005, defendant Smith recommended that plaintiff's complaint be dismissed. Id. at 12. And on April 18, 2005, John Ray (who is not named defendant) recommended that the complaint be dismissed because it appeared that plaintiff suffered no harm as a result of his mail being opened. Id. at 15.

### III.  DISCUSSION

Defendants argue that the complaint should be dismissed because plaintiff can prove no set of facts demonstrating that Judy Smith and Sandy Hautamaki were personally responsible for violating plaintiff's First Amendment rights. Additionally, defendants contend that dismissal is warranted because plaintiff has failed to allege that the opening of his legal mail was more than an isolated incident.

It is well established that prison inmates are not stripped of all First Amendment rights at the prison gate. See Turner v. Safley, 482 U.S. 78, 84 (1987). In addition, the Fourteenth Amendment affords prisoners a due process right to adequate, effective and meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S.

4

817, 824 (1977). As a corollary of both the prisoner's right to access the courts and his limited free speech rights, prisoners have a right to be free from certain interference with their "legal" mail, including the right to have such mail opened only in their presence. See Wolff v. McDonnell, 418 U.S. 539, 577 (1974); Kaufman v. McCaughtry, 419 F.3d 678, 686 (7th Cir. 2005); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974).

Defendants assert that Judy Smith and Sandy Hautamaki must be dismissed from this action because they were not personally responsible for opening plaintiff's legal mail outside his presence. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). To be held liable under 42 U.S.C. § 1983, a prison official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye..." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. Id. However, "a prison official's knowledge of prison conditions learned from an inmate's communication can...require the officer to exercise his or her authority and take the needed action to investigate, and if necessary, to rectify the offending conditions." Vance, 97 F.3d at 993.

In the present case, plaintiff's claim hinges on the allegation that prison officials were made aware of his problem but did not adequately respond to his prison grievances. According to plaintiff, he wrote to defendants Smith and Hautamaki to complain about his legal mail being opened outside his presence and they did not investigate these complaints. (Pl.s' Response to D.'s Mot. to Dismiss at 13). Whether plaintiff's claim is true is a question

5

of fact appropriately decided on a motion for summary judgment, not a motion to dismiss the complaint for legal insufficiency. See, e.g., Leatherman v. Tarrant County Narcotics & Intelligence Coordination Unit, 507 U.S. 163, 168-69 (1993)(in light of the liberal pleading standard of Rule 8, "federal courts and litigants must rely on summary judgment...to weed out unmeritorious claims."). Thus, defendants' motion to dismiss the claims against Smith and Hautamaki will be denied.

Defendants further contend that dismissal is warranted because plaintiff has failed to allege that the opening of his mail was anything more than an isolated incident. Although isolated instances of mail disruption or theft of reading materials do not suffice to establish a First Amendment violation, Sizemore v. Williford, 829 F.2d 608, 610-11 (7th Cir. 1987); Bruscino v. Carlson, 654 F. Supp. 609, 618 (S.D. Ill. 1987), repeated instances of a prisoner's legal mail being opened by prison officials outside of his presence are actionable. See Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (allegations that legal mail was repeatedly opened and sometimes stolen stated First Amendment claim); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (allegations that two letters addressed to the plaintiff from the United States District Court and one from the Department of Justice which was marked "LEGAL MAIL-OPEN IN PRESENCE OF INMATE," were opened outside the presence of the plaintiff were neither legally nor factually frivolous). Thus, an inmate's claim that his legal mail was opened due to "a continuing pattern or repeated occurrences of such conduct [states] a valid claim for a First Amendment violation." Zimmerman v. Tribble, 226 F.3d 568, 572 (7th Cir. 2000).

Here, plaintiff alleges that on three occasions his legal mail was opened outside his presence, that OSCI does not follow its own rules regarding the handling of legal mail, that

6

other inmates experience the same problem and that his legal mail was not opened outside his presence at CCI. Accepting these allegations as true, I find that plaintiff has alleged that OSCI has a practice of opening inmates' legal mail outside their presence and that plaintiff's legal mail was repeatedly opened in such fashion. Accordingly, defendants' motion to dismiss this claim will be denied.

In the alternative, defendants contend that, even plaintiff's mail was opened on three occasions, his claim should be dismissed because has failed to allege that his mail was maliciously or purposely opened. Negligence is not enough to sustain a claim under 42 U.S.C. § 1983. Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994); see also Antonelli v. Sheahan, 81 F.3d 1422, 1429 (7th Cir. 1996). However, the Federal Rules of Civil Procedure establish a system of notice pleading rather than fact pleading. See Fed.R.Civ.P. 8. Facts need not be established or even alleged in the complaint. Simpson v. Nickel, 450 F.3d 303, 305-06 (7th Cir. 2006). All that needs to be specified is the bare minimum facts necessary to put defendants on notice of the claim so that they can file an answer. Beanstalk Group, Inc. v. AM Gen. Corp., 283 F.3d 856, 863 (7th Cir. 2002). Therefore, plaintiff does not have to plead the requisite intent to state a First Amendment claim. See Gregory v. Nunn, 895 F.2d 413, 415 n.2 (7th Cir. 1990)(district court erred in dismissing case on grounds that plaintiff had alleged only a negligent deprivation of his right of access to the courts).

Here, I find that the complaint cannot be characterized as alleging mere negligence on defendants' part. Further, as noted, plaintiff does not need to plead the requisite intent to state a first amendment claim. Accordingly, defendants' motion to dismiss will be denied.

7

## IV.  CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Docket #18) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4 day of January, 2007.

/s_____
LYNN ADELMAN
District Judge

8