# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEROME ZIMMERMAN,**
        **Plaintiff,**

        **v.**                                          **Case No. 05-C-0556**

**OSHKOSH CORRECTIONAL INSTITUTION,**
**JUDY SMITH, SANDY HAUTAMAKI and**
**UNKNOWN, Mailroom Clerk at Oshkosh Correctional Institution,**
        **Defendants.**

## <u>ORDER</u>

Plaintiff Jerome Zimmerman filed this pro se civil rights complaint under 42 U.S.C. § 1983 and is proceeding in forma pauperis. Defendants filed a motion for summary judgment on August 9, 2007. Plaintiff did not file a response to defendants' motion. Therefore, on November 29, 2007, I granted plaintiff an extension of time until December 19, 2007, in which to file his response. That same date, I advised plaintiff that failure to file a response could result in dismissal of his case for failure to prosecute.

Subsequently, on December 11, 2007, plaintiff filed a letter indicating that he does not know what is required of him at this stage of the proceedings. Additionally, plaintiff states that he has a statement from a fellow inmate that supports his claims, but which he has not filed with the court.

I cannot advise plaintiff on how to refute defendants' motion. However, plaintiff is hereby notified that summary judgment is the time to submit any proof supporting his claims. See Koszola v. Bd. of Ed., 385 F.3d 1104, 1111 (7th Cir. 2004) (stating that at summary judgment, a party "must show what evidence it has that would convince a trier of fact to accept its version of the events") (citations omitted). And, I direct plaintiff's attention to

Federal Rule of Civil Procedure 56(e) and (f), Civil Local Rule 7.1 (E.D. Wis.), Civil Local Rule 56.1 (E.D. Wis.) and Civil Local Rule 56.2 (E.D. Wis.), which were attached to defendants' motion for summary judgment.  These provisions set forth the procedure for responding to a motion for summary judgment.  I have enclosed additional copies of these rules for plaintiff's reference.

Upon due consideration, I will grant plaintiff an extension of time until **January 31, 2008**, in which to file a response to defendants' motion for summary judgment.  Plaintiff is hereby advised that, if he fails to file any response to defendants' motion by this date, his case may be dismissed for lack of prosecution, with prejudice, pursuant to Civil Local Rule 41.3 (E.D. Wis.) and Federal Rule of Civil Procedure 41(b), copies of which are enclosed with this order.

Dated at Milwaukee, Wisconsin this 14 day of December, 2007.


/s_____
LYNN ADELMAN
District Judge

2

**Civil Local Rule 7.1 Motion Practice**

(a)     Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed.  If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

(b)     On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion.  The movant may serve a reply brief and, when necessary, affidavits or other documents, within 14 days from the service of the response brief.

(c)     On motions for summary judgment, the opposing party must serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief.  Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.

(d)     All filings under this must indicate the date and method of service.  On a showing of good cause, the Court may extend the time for filing of any brief.  Failure to file a timely brief shall be deemed a waiver of the right to submit it.  All papers served under this rule must be filed promptly.  (See Fed. R. Civ. P. 5(d).)

(e)     Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer.

(f)     Except by permission of the Court, principal briefs on motions must not exceed 30 pages and reply briefs must not exceed 15 pages, exclusive of pages containing the statement of facts, the proposed findings of fact as required by Civil L.R. 56.2, exhibits, and affidavits, but inclusive of headings and footnotes.  A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.

**Civil Local Rule 56.1 Summary Judgment Motions in Pro Se Litigation**

(a)     If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

    (1)     The motion must include a short and plain statement that any factual assertion in the movant's affidavits or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.

    (2)     In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.

(b)     This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6)or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

4

**Civil Local Rule 56.2 Additional Summary Judgment Motion Procedures**

Motions for summary judgment must comply with Fed.R.Civ.P. 56 and Civil L.R. 7.1. In addition, with the exception of Social Security reviews, the following requirements must be met:

(a)     Motion. The moving papers must include either: (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact support by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2).

     (1)     The movant must present only the factual propositions upon which there is no genuine issue of material fact and which entitle the movant to judgment as a matter of law, including those going to jurisdiction and venue, to the identity of the parties, and to the background of the dispute.

     (2)     Factual propositions must be set out in numbered paragraphs, with the contents of each paragraph limited as far as practicable to a single factual proposition.

(b)     Response. Any materials in opposition to a motion filed under this rule must be filed within 30 days from service of the motion and must include:

     (1)     A specific response to the movant's proposed findings of fact, clearly delineating only those findings of fact to which it is asserted that a genuine issue of material fact exists. The response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists.

     (2)     A party opposing a motion may present additional factual propositions deemed to be relevant to the motion, in accordance with the procedures set out in Subparagraph (a)(2) of this rule. These propositions may include additional allegedly undisputed material facts and additional material facts which are disputed and which preclude summary judgment.

Case 2:05-cv-00556-LA   Filed 12/14/07   Page 5 of 7   Document 42

# Federal Rules of Civil Procedure
# Rule 56 Summary Judgment

(a) For Claimant.  A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affi-davits for a summary judgment in the party's favor upon all or any part thereof.

(b) For Defending Party.  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon.  The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of hearing may serve opposing affidavits.  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion.  If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interro-gatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or <u>denials</u> of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f)  When Affidavits are Unavailable.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may such other order as is just.

(g)  Affidavits Made in Bad Faith.  Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party em-ploying them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff.  July 1, 1963;  Mar. 2, 1987, eff. Aug. 1, 1987.)

Case 2:05-cv-00556-LA   Filed 12/14/07   Page 6 of 7   Document 42

**Civil Local Rule 41.3 Dismissal for Lack of Diligence**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Federal Rules of Civil Procedure**
**Rule 41. Dismissal of Actions**

(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.