UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME ZIMMERMAN,
        Plaintiff,

v.                                          Case No. 05-C-0556

OSHKOSH CORRECTIONAL INSTITUTION,
JUDY SMITH, SANDY HAUTAMAKI and
UNKNOWN, Mailroom Clerk at Oshkosh Correctional Institution,
        Defendants.

## DECISION AND ORDER

On May 20, 2005, plaintiff, Jerome Zimmerman, filed this pro se civil rights action pursuant to 42 U.S.C § 1983 against defendants Oshkosh Correctional Institution (OSCI), Judy Smith, Sandra Hautamaki and an unknown OSCI mailroom clerk. I subsequently screened the complaint and permitted plaintiff to proceed on a claim that his legal mail was opened outside his presence in violation of the First Amendment. Before me now is defendants' motion for summary judgment.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment, a court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. Celotex Corp. v Catrett, 477 U.S. 317, 323 (1986). Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 323-24. Neither party may rest on mere allegations or denials in the pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (1989).

## II. PRELIMINARY MATTER

To date, plaintiff has failed to file a meaningful response to defendants' motion for summary judgment. A district court cannot properly rule upon a motion for summary judgment without providing the opposing party a "reasonable opportunity" to contradict the material facts asserted by the movant. Lewis v. Faulkner, 689 F.2d 100, 101 (7th Cir. 1982). A pro se prisoner, who is a plaintiff in a civil case, is entitled to receive notice of the consequences of failing to respond to a motion for summary judgment or to a motion to dismiss supported by affidavits. Id.

Here, I have advised plaintiff that failure to respond to defendants' motion could constitute an admission to their material facts, see Fed. R. Civ. P. 56(e), and have informed him that summary judgment is the time to submit any proof he has supporting his claims. See Koszola v. Bd. of Ed., 385 F.3d 1104, 1111 (7th Cir. 2004) (stating that at summary judgment, a party "must show what evidence it has that would convince a trier

2

of fact to accept its version of the events."). Additionally, I have given plaintiff two extensions of time to file a response to defendants' motion.

Despite this, plaintiff has filed neither a brief opposing defendants' motion nor a response to their proposed findings of fact. See Civil L.R. 56.2 (E.D. Wis.) (materials in opposition to a motion for summary judgment must include "[a] specific response to the movant's proposed findings of fact."). Rather, by letters dated December 4 and December 19, 2007, plaintiff has indicated that the court has all the information it needs to render a decision in this case. In light of the foregoing, I find that plaintiff has been presented with a reasonable opportunity to respond to defendants' motion.

I note, additionally, that plaintiff's complaint is verified under 28 U.S.C. § 1746. In this circuit, a sworn complaint may be considered as an affidavit at the summary judgment stage. Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996). Therefore, the facts stated in this decision are derived from defendants' proposed findings of fact and affidavits, to the extent they are undisputed, and plaintiff's sworn complaint, to the extent it is undisputed. See Civil L.R. 56.2.

### III. ANALYSIS

#### A. CLAIM AGAINST UNKNOWN MAILROOM CLERK

Plaintiff alleges that an unknown OSCI mailroom clerk opened his mail outside his presence on several occasions. Specifically, plaintiff alleges that on October 8, 2004, he received a letter from his attorney that had been opened outside his presence. On May 18 or 19, 2005, he received a letter from the public defender's office that had been opened and then taped shut.

3

It is well established that prison inmates are not stripped of all First Amendment rights at the prison gate. See Turner v. Safley, 482 U.S. 78, 84 (1987). In addition, the Fourteenth Amendment affords prisoners a due process right to adequate, effective and meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 824 (1977). As a corollary of both a prisoner's right to access the courts and his limited free speech rights, prisoners have a right to be free from certain interference with their "legal" mail. Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974). Thus, "when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." Kaufman v. McCaughtry, 419 F.3d 678, 686 (7th Cir. 2005) (citing Wolff v. McDonnell, 418 U.S. 539, 577 (1974) (allowing prison officials to inspect a prisoner's mail in the presence of the prisoner)).

In the present case, it is undisputed that plaintiff's legal mail was opened outside his presence. Upon investigation, it was determined that the first letter was improperly opened by accident but that it should have been returned to sender because it bore the wrong address. As to the May 2005 instance, it was determined that the mail had been opened and taped shut prior to arriving at OSCI.

For several reasons, defendants' actions do not rise to the level of a First Amendment violation. First, the Seventh Circuit has emphasized the significance of repeated infractions by prison mailroom workers. See Zimmerman v. Tribble, 226 F.3d 568, 572-73 (7th Cir. 2000) (upholding dismissal of an access to the courts claim where the appellant alleged only one incident of untimely delivered non-legal mail); Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (holding that allegations that legal mail

4

was repeatedly opened and sometimes stolen stated First Amendment claim); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 306 (7th Cir. 1993) (reversing dismissal of complaint alleging ongoing interference with legal mail); see also Franklin v. McCaughtry, 110 Fed. Appx. 715, 722 (7th Cir. Sept. 23, 2004) (affirming dismissal of a legal mail claim where the inmate alleged two incidents of non-delivery and mis-delivery of legal mail over the course of three years).

In the present case, I find at most two instances where plaintiff's legal mail was opened prior to delivery. And in one instance, the mail was opened before it arrived at the prison. From this, I conclude that no rational trier of fact could find that these isolated incidents, spread over seventh months, violated any constitutional right.[1]

Additionally, plaintiff has provided no evidence showing an improper motive behind the opening of the mail to counter defendants' claim of accidental error, that the conduct in question amounted to a pattern or practice of interference with legal mail, or that the opening of his legal mail actually interfered with his right to counsel or access to the courts. Thus, his claim amounts at most to negligence, which does not rise to the level of a constitutional violation actionable under § 1983. See Kincaid v. Vail, 969 F.2d 594, 602

---

[1] Plaintiff has additionally asserted in letters filed with the court that his mail was also opened on October 31, 2005, and that mail from his attorney was delayed for six weeks. Plaintiff has provided no evidence to support these claims, despite directions from the court to do so. As a result, plaintiff's allegations that his mail was opened on October 31, 2005, and that mail from his attorney was delayed are just that - allegations. But "conclusory allegations . . . without support in the record, do not create a triable issue of fact." Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002) (citing Patterson v. Chi. Ass'n for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1998)). Moreover, two additional isolated incidents, for a total of four incidents in two years, do not establish a constitutional violation for the same reasons discussed in this decision.

(7th Cir. 1992); see also Kaufman v. Karlen, No. 07-2712 (7th Cir. Mar. 20, 2008) (upholding dismissal of First Amendment legal mail claim where plaintiff presented no evidence that his mail was intentionally opened); Beese v. Liebe, 51 Fed. Appx. 979, 981 (7th Cir. Nov. 21, 2002). Plaintiff's speculation as to prison officials' intention in opening the letters is not enough to withstand summary judgment. See Packman v. Chi. Tribune Co., 267 F.3d 628, 637 (7th Cir. 2001).

**B.     Claims Against defendants Smith and Hautamaki**

Plaintiff alleges that defendants Smith and Hautamaki failed to adequately respond to his complaints that his legal mail was being opened. I construe this as a claim that defendants should be liable for the alleged First Amendment violation because they failed to intervene to prevent the violation from occurring. While plaintiff is correct that a prison official may satisfy the deliberate indifference requirement by failing to act, there must first be an underlying violation of his constitutional rights. Fillmore v. Page, 358 F.3d 496, 506 (7th Cir. 2004) ("Simply put, there was no constitutionally impermissible failure to intervene because there was no violation that compelled intervention."). Therefore, absent an underlying First Amendment violation, plaintiff cannot prevail on a failure to intervene claim against defendants Smith and Hautamaki.

**C.     Claim Against OSCI**

Defendants assert that plaintiff's claim against OSCI is barred by the doctrine of sovereign immunity. Under the Eleventh Amendment to the United States Constitution, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465

U.S. 89, 100 (1984). The Eleventh Amendment bars actions in federal court by private parties seeking to impose liability which must be paid from public funds in the state treasury. Edelman v. Jordan, 415 U.S. 651, 663 (1974). Thus, the Eleventh Amendment precludes damage suits against states, state agencies, or state employees acting in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Brokaw v. Mercer County, 235 F.3d 1000, 1009 (7th Cir. 2000).

Defendant OSCI is a state agency. Therefore, pursuant to the Eleventh Amendment, OSCI is immune from liability for claims for damages made under § 1983. Will, 491 U.S. at 66; Brokaw, 235 F.3d at 1009.

## VI. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment (Docket #34) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28 day of March, 2008.

/s
LYNN ADELMAN
District Judge

7

Case 2:05-cv-00556-LA    Filed 03/28/08    Page 7 of 7    Document 45